IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FARANGIZ KHAFIZOVA, as proposed :
next friend of JAVOKHIR SHODIEV, :
      Petitioner :
   v. : Case No. 3:25-cv-463-KAP
PAM BONDI, *et al.*, :
      Respondents :

<u>Report and Recommendation</u>

<u>Recommendation</u>

      Farangiz Khafizova filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241(c)(3) in the Middle District on December 1, 2025, because, she alleges, the Bureau of Immigration and Customs Enforcement is wrongly detaining her son, Javokhir Shodiev. The Middle District transferred the matter here as the proper venue. After screening the petition, I recommend that the petition be dismissed without service. *See* 28 U.S.C.§ 2243 and Rule 4 of the Rules Governing Section 28 U.S.C.§ 2254 Cases in the United States District Courts (Habeas Rules), applicable to Section 2241 petitions through Habeas Rule 1(b).

      I am submitting this as a Report and Recommendation because preservice dismissal is appropriate. Pending review of my recommendation the Clerk shall terminate as denied without prejudice the pending motion to proceed *in forma pauperis* at ECF no. 2 because it alleges the financial state of Khafizova and that is not relevant because it is the financial state of Shodiev that determines whether he is eligible for *in forma pauperis* status.

<u>Report</u>

      According to Khafizova, the Bureau of Immigration and Customs Enforcement is wrongly detaining Shodiev at the Moshannon Valley Processing Center pending removal proceedings.

      Although 28 U.S.C.§ 1654 allows Khafizova to appear in federal courts as a petitioner *pro se*, she is not a member of the bar of this court and cannot without an attorney litigate a claim on behalf of another person, even if she qualifies for next friend status. As the Court of Appeals explained in <u>Bush v. Goodall</u>, 732 Fed.Appx. 135, 137 (3d Cir. 2018) lay advocacy even by a naturally interested person such as a parent, spouse, or sibling presents too great a risk of the loss of the other person's legal rights. Next friend standing - with an attorney - is proper where the applicant has a significant relationship

with the real party in interest and is dedicated to the best interests of a real party in interest who has some impediment to proceeding *pro se*. *See* Xu on behalf of Chen v. U.S. Immigration & Customs Enforcement, No. 3:24-cv-294, 2025 WL 1640706, at *2 (W.D. Pa. Apr. 21, 2025)(Haines, J., adding that "[i]n any event the Court does not look favorably upon third-party standing.") I add to the discussion in Xu only the additional point that even if Khafizova were to qualify for next friend status she still cannot litigate on behalf of Shodiev without counsel. A non-attorney cannot represent another party, even if acting as a next friend. Permitting the unauthorized practice of law on the basis of an assertion of next friend status is not something the court can do, and not something the court should try to do because of the potential for an unlimited number of malicious, officious, or inadequate interventions. *See e.g*. Schlemmer v. CIA, 804 Fed.Appx. 127, 128 n.2 (3d Cir. 2020).

The dismissal of this matter should be without prejudice to Khafizova returning with counsel seeking next friend status on behalf of Shodiev.

Pursuant to 28 U.S.C.§ 636(b)(1), either Khafizova or Shodiev can within fourteen days file written objections to my recommendation. In the absence of timely and specific objections, any appeal would be severely hampered or entirely defaulted. See EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATE: January 5, 2026

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Farangiz Khafizova
9501 Northeast Avenue
Apt. B
Philadelphia, PA 19115

Javokhir Shodiev, A# 245-480-754
Moshannon Valley Processing Center
555 Geo Drive
Philipsburg, PA 16886